UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG (CHARLOTTESVILLE) DIVISION

In Re: PAMELA SUE SCARBROUGH                    Chapter 7 Case No. 07-60181

    Debtor

PAMELA SUE SCARBROUGH,

    Plaintiff,

v.                                              Adversary Proc. No. _____

AFNI, INC.
Serve: Gregory J. Donovan, Registered Agent
404 Brock Drive
Bloomington, IL 61701

    Defendant.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### Introduction

1. This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Fair Credit Reporting Act, (15 USC Section 1681), the Fair Credit Billing Act (15 USC Section 1666), the Fair Debt Collection Practices Act (15 USC Section 1692), and the Discharge Injunction (11 USC Section 524).

### Jurisdiction and Venue

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3. Jurisdiction is also conferred on this Court pursuant to Section 1681p of Title 15 of the United States Code, Section 1692k(d) of Title 15 of the United States Code; Section 1640 of Title 15 of the United States Code; and Section 1331 of Title 28 of the United States Code.

4. Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

7. The Plaintiff is a natural person residing in Louisa County, Virginia, and was also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

8. The Plaintiff is a "consumer" and "debtor" as those terms are defined under the applicable Federal statutes.

9. The Defendant is an Illinois corporation, which maintains its principal place of business at 404 Brock Drive, Bloomington, IL 61701.

### Facts

10. Before the commencement of the Chapter 7 case, the Plaintiff incurred a debt to Alltel.

11. In February, 2007, the balance of the account was approximately $380.00.

12. The Plaintiff's Chapter 7 case was commenced by the filing of a voluntary petition on February 5, 2007.

13. On Schedule F of the Plaintiff's Chapter 7 bankruptcy petition, a debt in the amount of $380.00 was listed as owed to Alltel.

14. On or about February 5, 2007, this Court caused a written notice of the filing of the Chapter 7 case, the automatic stay, the 341 Meeting of Creditors and Debtors, and representation by an attorney, to be mailed to the Defendant via first class mail, postage prepaid, and upon information and belief, such notice was in fact received by the Defendant.

15. The 341(a) meeting of creditors was held in Charlottesville, Virginia, on March 16, 2007.

16. The Plaintiff's Chapter 7 plan was determined to be a no asset case and was discharged on May 16, 2007.

17. The Plaintiff alleges upon information and belief that during the pendency of her Chapter 7 case numerous documents were served on and received by the Defendant and its successors including but not limited to the first meeting notice and the Discharge Order.

18. On or about May 13, 2008, the Plaintiff received a statement from the Defendant, stating that the balance due was $438.13, but that the Defendant would accept $219.07 to settle the account.

19. The Defendant has continued to report a debt owed to Alltel on the subject account as a "COLLECTION ACCOUNT" on the Plaintiff's public credit files as indicated on consumer credit report secured by the Plaintiff. This report states that the discharged debt to the Defendant has a current past due balance of $438.00 and that this information was reported to a consumer credit reporting agency in March, 2007. A copy of the credit report is attached hereto and incorporated herein by reference as "Exhibit A".

20. The Plaintiff, who has been unable to secure new credit due to this erroneous negative credit history, eventually took this matter up with her Chapter 7 attorney, Marshall M. Slayton.

21. Section 350(b) of the Bankruptcy Code provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As a result of the conduct of the Defendant, as alleged in this complaint, the Plaintiff filed a motion to reopen her Chapter 7 case and this motion was granted without objection on November ____, 2008.

22. The Plaintiff avers that at all times relevant to the allegations herein:

   A. The Defendant has substantially frustrated the discharge order entered in this case and its conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

   B. The Defendant knew and in fact had actual knowledge that the Plaintiff was previously involved in a bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw its erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC 1681s);

   C. The Defendant at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with her bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

   D. The Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act, and in violation of Section 1692 of Title 15 of the United States Code, commonly known as the Fair Debt Collections Practices Act;

23. The Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

24. The Plaintiff is informed and believes and therefore alleges that as a result of these allegations she is entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

25. The Plaintiff alleges that she has engaged in meetings with her attorney about this matter.

26. The Plaintiff is informed and believes and therefore alleges that the Defendant had an affirmative duty under *Nelson v Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002)* to conduct a proper reinvestigation and to correct all erroneous consumer credit information after receiving notice of the order of discharge entered on February 13, 2006. The Plaintiff alleges that the Defendant willfully, intentionally and without any just cause failed to comply with this duty. The Plaintiff alleges that the receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in their consumer credit reports as provided for by Section 1681i(a)(2) of Title 15 of the United States Code.

27. The Plaintiff also alleges that the Defendant failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts discharged in bankruptcy has having a "0" credit balance. The Plaintiff alleges that the Official Staff Commentary to Section 607 of the Fair Credit Reporting Act provides as follows: "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

## FIRST CLAIM – FAIR CREDIT REPORTING ACT

28. The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29. The Plaintiff avers that as a result of the unlawful actions of the Defendant as alleged herein she has been required to devote countless and unnecessary hours to seek to correct the erroneous information on her consumer credit report. The Plaintiff further alleges that upon receipt of the Discharge Order in this case the Defendant was under a statutory duty to correct, update previously reported information determined to be incomplete or in accurate, and to report as disputed any information known to be disputed by the Plaintiff. The Plaintiff further alleges that the receipt of the Discharge Order in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

30. The Plaintiff also avers that she has constantly worried about this situation and has feared that the Defendant had some improper motive for the improper credit reporting.

31. The Plaintiff alleges that as a result of the willful and intentional violations of this statute she is entitled to the recovery of actual damages, statutory damages, costs and legal fees.

## SECOND CLAIM – FAIR DEBT COLLECTION PRACTICES ACT

4

32. The allegations in paragraphs 1 through 32 of this complaint are realleged and incorporated herein by this reference.

33. The actions and conduct of the Defendant in this case constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act. The Plaintiff specifically alleges that the unfair acts and practice of the Defendant arose out of its willful failure to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of its breach of the affirmative duty to report a zero balance owed on the Plaintiff's account.

34. The Plaintiff alleges that the actions of the Defendant were intentional and designed to coerce the Plaintiff into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from her credit history.

35. As a result of the unfair acts and deceptive practices of the Defendant, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

### THIRD CLAIM – DISCHARGE INJUNCTION

36. The allegations in paragraphs 1 through 35 of this complaint are realleged and incorporated herein by this reference.

37. The Plaintiff alleges that the conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

38. The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

39. The Plaintiff further alleges that in order to protect the Debtor who has secured a discharge, this Court must impose sanctions against the Defendant for its misconduct in this case.

### FOURTH CLAIM – FAIR CREDIT BILLING ACT

40. The allegations in paragraphs 1 through 39 of this complaint are realleged and incorporated herein by this reference.

41. The Plaintiff alleges that as a result of the allegations herein the Defendant has failed to comply with the applicable provisions of the Fair Credit Billing Act.

42. The Plaintiff believes and therefore alleges that the Defendant has failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiff and have improperly and unlawfully failed to correct such erroneous information.

5

43. As a result, the Plaintiff avers that she is entitled to the recovery of actual damages, punitive damages and legal fees.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum in excess of $5,000.00 in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum in excess of $5,000.00 in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendant a sum in excess of $5,000.00 in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by her attorney;

E. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: December 15, 2008.

/s/ C. Connor Crook
MARSHALL M. SLAYTON, VSB # 37362
C. CONNOR CROOK, VSB # 71599
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA 22902
Phone: (434) 979-7900
Counsel for Debtor/Plaintiff

K:\Home\Marshall\Client Files\Scarbrough, Pamela\
AP v. AFNI\Complaint.doc

6



**EXHIBIT A**

Afni, Inc.
PO Box 3427
Bloomington, IL  61702-3427
www.afnicollections.com

# SETTLEMENT OFFER

**Pay half of your balance due to settle your account today**

We are making another attempt to contact you regarding your overdue account. In an effort to resolve this matter we will accept $219.07, half of the current amount due. Once paid, our records will reflect the status of your account with Afni, Inc. as settled in full.

If you have any questions, please contact our office toll free at (866)265-6216 Monday through Friday 7am - 9pm CST. For proper credit on your account please write this number 019805573-02 on your payment.

To manage your account online, visit us at **www.afnicollections.com**. You can login with your account number and last 4 digits of your Social Security number. You can pay securely online using your debit card, Visa®, MasterCard®, or checking account and have your receipt available online once your payment posts.

Credit card payments by mail are also accepted. Credit card payment options are located on the back of the payment stub located at the bottom of this letter and can be mailed back inside the enclosed envelope.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector.

Please retain this information for your records

| Afni, Inc. Account # | Balance Due | Original Creditor | Creditor Account # | Date |
|---|---|---|---|---|
| 019805573-02 | $438.13 | ALLTEL | 7301867706 | 5/13/2008 |

Detach along perforation and return bottom portion along with payment in the enclosed envelope. Credit card payment options are on the back of notice.

For proper credit, please include your Afni account # listed below on your check

AFN50-0513C501294-ZWSP-2 1294

Afni, Inc. Account #: 019805573-02
Original Creditor:    ALLTEL
Client Account #:     7301867706
Date:                 5/13/2008
Toll Free:            (866)265-6216

Department 555
PO BOX 4127
CONCORD, CA 94524

Discounted Amount Due:    $219.07

Address Service Requested

#BWNFTZF #AFN5003067608059#



Pamela Scarborough
707 BELSCHES RD
BUMPASS VA 23024-4106

1    02019805573    170200    43813

PO Box 3427
Bloomington, IL  61702-3427

## PRIVACY STATEMENT

Your account was recently acquired by Afni, Inc. As required by federal law, Afni wants to inform you how we handle confidential information we obtain about you. The privacy policies and practices described in the notice will apply to current as well as former account holders.

### Information We Collect

Afni, Inc. may collect non-public personal information about you from:
- The original creditor
- Consumer reporting agencies; and
- Third parties who we contact while attempting to locate you.

### Information We Disclose

We do not disclose any non-public personal information about you to anyone, except as permitted by law.

### Security

Afni, Inc. restricts access to non-public personal information about you to those employees who need to know that information to process this account. Afni, Inc. maintains physical, electronic and procedural safeguards that comply with federal regulations to guard your non-public personal information.

AFN50-0513C501294-ZWSP-2 1294

---

If you wish to pay by credit card:   ☐ Visa®   ☐ MasterCard®

Account Number _____ 3 Digit Code _____

Expiration Date _____ Payment Amount $ _____

Name of Card Holder _____

Signature of Card Holder _____

**Different Credit Card Billing Address?**   ☐ Yes  ☐ No    If YES, please provide information below:

Address _____

City _____ State _____ Zip _____